854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John W. HARDIN, Plaintiff-Appellant,
v.
LAVALETTE STATE BANK, a State Banking Corporation, Barney
Asbury, Joseph M. Davis, Edward F. Chadwick, Johnnie R.
Jones, Auxier Marcum, Kenneth Queen, Paul Q. Mullens, James
H. Booton, Defendants-Appellees.
 No. 87-3632.
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1988.
Decided July 26, 1988.
 
 J. Thomas Hardin (Hardin & Foreman, P.S.C. on brief) for appellant.
 Richard J. Bolen (Scott K. Sheets, Huddleston, Bolen, Beatty, Porter & Copen on brief) for appellees.
 Before K.K. HALL, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises from John W. Hardin's attempt to acquire the stock of Lavalette State Bank ("the Bank"). Hardin's complaint alleged that the Bank and eight of its directors ("the Directors") breached the Agreement and Plan of Merger between the Bank and Lavalette Bancshares, a corporation Hardin created to effectuate the purchase of the stock and merger. Hardin argued that the appellees breached the agreement by failing to use their best efforts to effect the proposed merger and by conspiring to delay the shareholder vote on the agreement and plan of merger. Hardin further claimed that the Bank and the directors breached an alleged oral agreement to employ Hardin pending consummation of the proposed merger. After discovery, the Bank and the directors moved for summary judgment. This motion was granted, and Hardin appealed. We affirm.
 
 
 2
 * Hardin's attempt to acquire the stock of the Bank began in 1985 when he and the Bank's Directors entered into negotiations concerning a possible merger with or purchase of the Bank. At their meeting on October 28, 1985, the Directors agreed to submit for shareholder approval Hardin's proposal to acquire the stock of the Bank for $16.00 per share. The book value of the stock at this time was $13.68, including unrealized profit in the Bank's bond portfolio.
 
 
 3
 On November 7, 1985, Hardin and Auxier Marcum, president of the Bank, signed a letter of intent on behalf of Lavalette Bancshares and the Bank. In this document, each party agreed to enter into a more definitive merger agreement by December 15, 1985 and to complete the acquisition by June 30, 1985, assuming shareholder and regulatory approval. Hardin and Bank officials then executed the Agreement and Plan of Merger.
 
 
 4
 On March 21, 1986, Wayne Bancorp, Inc. submitted an unsolicited competing offer of $17.00 per share for the stock of the Bank. The Directors informed the shareholders of the higher offer in a proxy statement. At a special meeting on April 28, 1986, the shareholders rejected Hardin's proposal. The Directors, however, voted all of their shares in favor of the Hardin proposal and unanimously endorsed the proposed merger in the proxy materials. The book value of the stock at the time of the shareholder vote was $18.27, including unrealized profit in the bond portfolio. Hardin then commenced this action.
 
 II
 
 5
 To survive the Bank's motion for summary judgment, Hardin must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed.R.Civ.P. 56(e)) (emphasis in original). As the non-moving party, Hardin must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. He must present "evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). After a careful review of the record, we conclude that Hardin failed to meet this burden with respect to any of his claims.
 
 
 6
 Hardin first contends that there is a genuine issue of material fact as to whether he and the appellees entered into an oral employment contract. The only specific fact Hardin presents is his own testimony that he discussed possible employment with Auxier Marcum, president of the Bank and that the "intent" of the conversation was that Marcum planned to present the idea to the directors. Hardin failed to come forward with any terms of this alleged agreement, such as his salary, his beginning date, or his duties. Hardin claims that his resignation from a previous job demonstrates that he relied on the alleged proposal of employment pending the merger. Hardin testified that he decided to resign his previous job in November. Since Hardin did not initiate discussions with Marcum regarding employment until December, we fail to see how Hardin could have relied on the alleged offer. These claims, taken as true for the purpose of the summary judgment motion, are insufficient to show any agreement of interim employment or create an issue of fact for the jury.
 
 
 7
 Hardin next contends that a factual issue exists as to the directors' breach of the merger agreement by failing to use best efforts to consummate the merger and by conspiring to delay the shareholder vote.[1] In support of this claim, Hardin relies upon the proxy materials in which the Directors informed the shareholders of the competing offer submitted by Wayne Bancorp, Inc. and on the testimony of several Director who stated that they did not "actively campaign" for the merger. Hardin also argues that the Directors acted in bad faith because the relatives of several Directors failed to vote in favor of the merger. We find these facts insufficient to create a genuine issue for trial.
 
 
 8
 Only the Bank and Lavalette Bancshares, Inc. were parties to the merger agreement. Even though appellee Directors were not personally bound under this agreement, we see no failure to use best efforts since each Director voted all of his stock in favor of the merger, the Directors unanimously endorsed the merger in the proxy material, and the Board's chairman made an oral endorsement of the Hardin proposal at the shareholders meeting. We find no authority, and Hardin offers none, for his assertion that the Directors had a duty to convince their relatives to vote for Hardin's smaller offer.
 
 
 9
 Hardin's claim that the Directors failed to use best efforts by informing the shareholders of the competing offer submitted by Wayne Bancorp, Inc. is ludicrous. The Directors clearly had a fiduciary duty to disclose this information to the shareholders. Finally, because the shareholders acted on Hardin's proposal on April 28--over two months before the June 30 time limit set by the merger agreement--we find Hardin's claim that the directors conspired to delay the shareholder vote without merit.
 
 
 10
 Finding that Hardin failed to come forward with any facts showing that there is a genuine issue for trial, we conclude that the district court correctly granted summary judgment. Accordingly, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The agreement provides, in pertinent part, as follows:
 [The Bank] will use its best efforts in good faith to take or cause to be taken all action required under this Agreement on its part to be taken as promptly as practicable so as to permit the consummation of the Merger at the earliest possible date and cooperate fully with the other parties to that end.